UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

———

MICHAEL GRESHAM #272603
and DEONDRE ELIE #625654,

              Plaintiffs,                    Case No. 2:13-cv-176

v.                                      Honorable Robert Holmes Bell

ROBERT NAPEL et al.,

              Defendants.
_____/

## OPINION DENYING LEAVE
## TO PROCEED *IN FORMA PAUPERIS* - THREE STRIKES

        This is a civil rights action brought under 42 U.S.C. by Plaintiff Michael Gresham,

a prisoner incarcerated at Marquette Branch Prison, and Deondre Elie, a prisoner incarcerated at the

Ionia Maximum Correctional Facility.  The filing fee for a civil action is $400.00.  Because there are

multiple plaintiffs, each plaintiff is proportionately liable for any fees or costs.  *See  Talley-Bey v.*

*Knebl*, 168 F.3d 884, 887 (6th Cir. 1999); *In re Prison Litigation Reform Act*, 105 F.3d 1131, 1137

(6th Cir. 1997).  Thus, each plaintiff is liable for $200.00.[1]  Because Plaintiff Gresham has filed at

least three lawsuits that were dismissed as frivolous, malicious or for failure to state a claim, he is

barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g).  The Court will order Plaintiff

Gresham to pay his $200.000 portion of the civil action filing fee within twenty-eight (28) days of

---

[1] As of May 1, 2013, the filing fee for a civil action was increased from $350.00 to $400.00.  However, if the Court grants a *pro se* litigant leave to proceed *in forma pauperis*, the filing fee remains $350.00.  Because Plaintiff Gresham may not proceed *in forma pauperis*, his portion of the filing fee is $200.00.  The Court will issue a separate order concerning payment of Plaintiff's Elie's portion of the filing fee.

this opinion and accompanying order, and if Plaintiff fails to do so, the Court will order that his

action be dismissed without prejudice. Even if the case is dismissed, Plaintiff will be responsible

for payment of his $200.00 portion of the filing fee in accordance with *In re Alea*, 286 F.3d 378,

380-81 (6th Cir. 2002).

## Discussion

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321

(1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's

request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA

was "aimed at the skyrocketing numbers of claims filed by prisoners – many of which are meritless –

and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*,

106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress put into place economic incentives

to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is

liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the

prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The

constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at

1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by

preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless

lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment
> in a civil action or proceeding under [the section governing proceed-
> ings *in forma pauperis*] if the prisoner has, on 3 or more prior
> occasions, while incarcerated or detained in any facility, brought an
> action or appeal in a court of the United States that was dismissed on
> the grounds that it is frivolous, malicious, or fails to state a claim

> upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the "three-strikes" rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604-06 (6th Cir. 1998); *accord Pointer v. Wilkinson*, 502 F.3d 369, 377 (6th Cir. 2007) (citing *Wilson*, 148 F.3d at 604-06); *Rodriguez v. Cook*, 169 F.3d 1176, 1178-82 (9th Cir. 1999); *Rivera v. Allin*, 144 F.3d 719, 723-26 (11th Cir. 1998); *Carson v. Johnson*, 112 F.3d 818, 821-22 (5th Cir. 1997).

Plaintiff has been an extremely active litigant in this Court, having filed more than thirty civil actions. The Court has dismissed numerous actions by Plaintiff for failure to state a claim. *See Gresham v. Caruso et al.*, No. 2:10-cv-196 (W.D. Mich. Oct. 27, 2011); *Gresham et al. v. Canlis et al.*, No. 2:11-cv-179 (W.D. Mich. July 29, 2011); *Gresham v. Wolak et al.*, No. 2:10-cv-239 (W.D. Mich. July 25, 2011); *Gresham v. Caruso et al.*, No. 2:10-cv-195 (W.D. Mich. Apr. 11, 2011); *Gresham v. Paine et al.*, No. 1:10-cv-1146 (W.D. Mich. Mar. 8, 2011); *Gresham v. Caruso et al.*, No. 1:10-cv-1038 (W.D. Mich. Jan. 26, 2011); *Gresham v. Verville et al.*, No. 2:10-cv-198 (W.D. Mich. Jan. 19, 2011); *Gresham v. Mich. Dep't of Corr. et al.*, No. 2:07-cv-241 (W.D. Mich. June 9, 2008). In addition, the Court has denied Plaintiff leave to proceed *in forma pauperis* in more than ten previous cases because he has three strikes. Moreover, Plaintiff's allegations do not fall within the exception to the three-strikes rule because he does not allege any facts establishing that he is under imminent danger of serious physical injury.

In light of the foregoing, § 1915(g) prohibits Plaintiff Gresham from proceeding *in forma pauperis* in this action. Plaintiff has twenty-eight (28) days from the date of entry of this order to pay his $200.00 portion of the civil action filing fee. When Plaintiff pays his filing fee, the Court will screen his complaint as required by 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c). If Plaintiff fails to pay the filing fee within the 28-day period, his case will be dismissed without prejudice, but he will continue to be responsible for payment of his $200.00 portion of the filing fee.

Dated: June 12, 2013                            /s/ Robert Holmes Bell
                                               ROBERT HOLMES BELL
                                               UNITED STATES DISTRICT JUDGE

**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:
Clerk, U.S. District Court
399 Federal Building
110 Michigan Street, NW
Grand Rapids, MI 49503

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**